Michael R. Crosner (SBN 41299)
mike@crosnerlegal.com
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
J. Kirk Donnelly (SBN 179401)
**CROSNER LEGAL, PC**
433 N. Camden Dr., Ste. 400
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff Laura Buford

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BUFORD, on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>MEDICAL SOLUTIONS, L.L.C., a Nebraska limited liability corporation; and DOES 1 through 100, inclusive.<br><br>Defendants. | Case No.: 4:18-CV-04864-YGR<br><br>[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT AND MOTION FOR ATTORNEY'S FEES AND COSTS<br><br>Date: July 21, 2020<br>Time: 2:00 p.m.<br>Place: Courtroom 1, 4th Floor<br><br>Hon. Yvonne Gonzalez-Rogers |

1. The following matters came regularly as scheduled for hearing on July 21, 2020: (1) Plaintiff's Motion for Final Approval of Class and Representative Action Settlement (Docket No. 42); and (2) Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 43). Both Motions were unopposed. Upon consideration of the Motions, the evidence filed in support thereof, the Court's entire file herein, the arguments of counsel at the hearing, and good cause appearing, the Court hereby finds and orders as follows:

2. 1. For purposes of this Order, the Court adopts all defined terms as set forth in the Joint Stipulation of Class Settlement and Release, Docket No. 34 (hereafter the "Joint Stipulation");

3. 2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members to this litigation;

4. 3. The Court finds the "Notice of Class Action Settlement" was duly mailed to the members of the Class as required by the Joint Stipulation. These steps to notify the Class about the Settlement constituted the best notice practicable under the circumstances and fully met the requirements of due process. The Court also finds that the California Labor & Workforce Development Agency was duly notified of the proposed settlement of claims under the Private Attorneys General Act as required by Cal. Labor Code § 2699(*l*)(2);

5. 4. The Court finds that no member of the Class nor the California Labor & Workforce Development Agency has objected to the Settlement or to the proposed awards of attorney's fees, costs or the representative enhancement;

6. 5. The Court finds that the Settlement, including both the claims of the Settlement Class and all claims alleged under the Private Attorneys General Act, Cal. Labor Code §§ 2698, *et seq.* ("PAGA"), was the product of good faith, arm's-length negotiations between experienced counsel, facilitated by a well respected mediator. After considering the Defendant's potential exposure, the likelihood of success on the class and PAGA claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Class

Counsel, and the reaction of the Class to the Settlement (see Hanlon v. Chrysler Corporation, 150 F.3d 1011, 1026 (9th Cir. 1998)), the Court finds that the Settlement is in all respects fair, reasonable and adequate, and in the best interests of the Class, that the settlement of the claims under PAGA is meaningful and furthers the purposes underlying PAGA, and hereby GRANTS final approval of the Settlement. The parties are ordered to carry out the Settlement as provided for in the Joint Stipulation;

6.  In addition, the request for an enhancement payment of $7,500.00 to Plaintiff and Class Representative Laura Buford is granted. The Court finds that the enhancement payment is reasonable in light of the services she performed, the benefit she helped secure for the Class and the State, and the risks she undertook in bringing the litigation. The Court further approves payment of $25,000.00 to the Settlement Administrator, CPT, Inc., for services rendered and to be rendered in administering the Settlement.

7.  The Court further approves payment of $157,500.00 to the California Labor & Workforce Development Agency for its share of civil penalties under the Private Attorneys General Act, Cal. Labor Code §§ 2698, *et seq.*;

8.  Concurrently with the motion for final approval of the Settlement, Plaintiff moved for attorney's fees equal to 25% of the total settlement fund, or $287,500.00, plus litigation costs in the amount of $11,881.82. That Motion is GRANTED. The Court finds Class Counsel skillfully advanced the litigation in the face of uncertain legal authority and disputed factual issues on a contingent basis, and Class Counsel's resulted in substantial payment to the Class and substantial payment of civil penalties under PAGA. The Court has carefully considered the results achieved, the risks posed by the litigation, the skill required and the quality of the work, the contingent nature of the fee, the timeliness of the settlement, and awards made in similar cases. The Court also notes the Ninth Circuit "benchmark" fee in class action cases is 25% of the gross settlement amount. Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989). The Court finds further that Class Counsel's expenses were reasonably incurred in the prosecution of the litigation.

9. The Court adjudges the participating Class Members, to the extent provided by the Joint Stipulation, be deemed to have conclusively released and discharged the Released Parties (as defined in the Joint Stipulation) from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, action or causes of action contingent or accrued for, alleged in or based on the factual allegations asserted in the Action.

10. Two Class Members, Kayla Smith and Janon Ashcraft, timely and validly opted out of the Settlement. These two individuals therefore are excluded from the Class and are not bound by the Joint Stipulation or this Order.

11. The Court further adjudges that Plaintiff, acting on behalf of herself and the State of California, by operation of this Order hereby forever and completely releases and discharges the Released Parties of any and all claims for civil penalties under PAGA of both the Settlement Class and Settlement Aggrieved Group (as both are defined in the Joint Stipulation) that were alleged in the Action or that could have been alleged in the Action based on the factual allegations in the operative complaint.

12. Neither the releases in the Joint Stipulation nor this Order will affect any and all claims alleged in the action titled <u>Dittman v. Medical Solutions, L.L.C., et al.</u>, Eastern District of California Case No. 2:17-cv-01851-MCE-CKD.

13. Without affecting the finality of this Order in any way, the Court retains jurisdiction over: (1) implementation and enforcement of the Joint Stipulation pursuant to further orders of this Court until the final judgment contemplated becomes effective and each and every act agreed to be performed by the parties has been performed under the terms of the Joint Stipulation; (2) any other action necessary to conclude this settlement and to implement the Joint Stipulation; and (3) the enforcement, construction, and interpretation of the Joint Stipulation.

14. Neither this Order nor the Joint Stipulation upon which it is based are an admission or concession by any party of any fault, omission, liability or wrongdoing. This Order is not a finding of the validity or invalidity of any claims in this action or a

determination of any wrongdoing by any party.  The final approval of the parties' settlement will not constitute any opinion, position or determination of this Court as to the merits of the claims or defenses of any party.

15. Plaintiff is ordered to submit a [Proposed] Judgment within five (5) court days of this Order.

**IT IS SO ORDERED**.

Dated: July 28, 2020

_____
**YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE**