Michael R. Crosner (SBN 41299)
mike@crosnerlegal.com
Zachary M. Crosner (SBN 272295)
zach@crosnerlegal.com
J. Kirk Donnelly (SBN 179401)
**CROSNER LEGAL, PC**
433 N. Camden Dr., Ste. 400
Beverly Hills, CA 90210
Tel: (310) 496-5818
Fax: (310) 510-6429

Attorneys for Plaintiff Laura Buford

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURA BUFORD, on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> MEDICAL SOLUTIONS, L.L.C., a Nebraska limited liability corporation; and DOES 1 through 100, inclusive. <br><br> Defendants. | Case No.: 4:18-CV-04864-YGR <br><br> ~~[PROPOSED]~~ JUDGMENT <br> *As Modified by the Court* <br><br> Hon. Yvonne Gonzalez-Rogers |

The following matters came regularly as scheduled for hearing on July 21, 2020: (1) Plaintiff's Motion for Final Approval of Class Action Settlement (Docket No. 42); and (2) Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 43). Both Motions were unopposed. Upon consideration of the Motions, the evidence filed in support thereof, the Court's entire file herein, and the arguments of counsel at the hearing, the Court entered its Order granting both Motions on July 28, 2020 (the "Final Order") (Docket No. 51]. Accordingly, the Court now enters JUDGMENT as follows:

1. For purposes of this Judgment, the Court adopts all defined terms as set forth in the Joint Stipulation of Class Settlement and Release ("Joint Stipulation") (Docket No. 34);

2. This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members to this litigation;

3. The Court finds the "Notice of Class Action Settlement" was duly mailed to the members of the Class as required by the Joint Stipulation. These steps to notify the Class about the Settlement constituted the best notice practicable under the circumstances and fully met the requirements of due process. The Court finds further that the California Labor & Workforce Development Agency ("LWDA") was duly notified of the settlement of the claims asserted under the Private Attorneys General Act, Cal. Labor Code sections 2698, et seq. ("PAGA") as required by Cal. Labor Code section 2699(*l*)(2);

4. The Court finds that no member of the Class nor the LWDA has objected to the Settlement or to the proposed awards of attorney's fees, costs or the representative enhancement;

5. The Court finds that the Settlement was the product of good faith, arm's-length negotiations between experienced counsel, facilitated by a well respected mediator. After considering the Defendant's potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay

associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Class Counsel, and the reaction of the Class to the Settlement (see Hanlon v. Chrysler Corporation, 150 F.3d 1011, 1026 (9th Cir. 1998)), the Court finds that the Settlement is fair, reasonable and adequate, and in the best interests of the Class, and hereby GRANTS final approval of the Settlement. The parties are ordered to carry out the Settlement as provided for in the Joint Stipulation;

6. In addition, the request for an enhancement payment of $7,500.00 to Plaintiff and Class Representative Laura Buford is granted. The Court finds that the enhancement payment is reasonable in light of the services she performed, the benefit she helped secure for the Class, and the risks she undertook in bringing the litigation. The Court further approves payment of $25,000.00 to the Settlement Administrator, CPT, Inc., for services rendered and to be rendered in administering the Settlement. The Court further approves payment of $157,500.00 to the LWDA for its share of civil penalties PAGA;

7. Concurrently with the motion for final approval of the Settlement, Plaintiff moved for attorney's fees equal to 25% of the total settlement fund, or $287,500.00, plus litigation costs in the amount of $11,881.82, which Motion the Court granted.

8. The Court adjudges the participating Class Members, to the extent provided by the Joint Stipulation, be deemed to have conclusively released and discharged the Released Parties (as defined in the Joint Stipulation) from any and all claims, debts, liabilities, demands, obligations, guarantees, costs, expenses, attorney's fees, damages, action or causes of action contingent or accrued for, alleged in or based on the factual allegations asserted in the operative complaint.

9. Two Class Members, Kayla Smith and Janon Ashcraft, timely and validly opted out of the Settlement. These two individuals therefore are excluded

from the Class and are not bound by the Joint Stipulation, the Final Order, or this Judgment.

10. The Court further adjudges that Plaintiff, acting on behalf of herself and the State of California by and through the LWDA, by operation of this Judgment hereby forever and completely releases and discharges the Released Parties of any and all claims for civil penalties under PAGA of both the Settlement Class and Settlement Aggrieved Group that were alleged in the Action or that could have been alleged in the Action based on the factual allegations asserted in the operative complaint.

11. Neither the releases in the Joint Stipulation, the Final Order or this Judgment will affect any and all claims alleged in the action titled <u>Dittman v. Medical Solutions, L.L.C., et al</u>., Eastern District of California Case No. 2:17-cv-01851-MCE-CKD.

12. Without affecting the finality of the Final Order or this Judgment in any way, the Court retains jurisdiction over: (1) implementation and enforcement of the Joint Stipulation pursuant to further orders of this Court until this Judgment becomes effective and each and every act agreed to be performed by the parties has been performed under the terms of the Joint Stipulation; (2) any other action necessary to conclude this settlement and to implement the Joint Stipulation; and (3) the enforcement, construction, and interpretation of the Joint Stipulation.

13. Neither the Final Order, this Judgment nor the Joint Stipulation upon which they are based are an admission or concession by any party of any fault, omission, liability or wrongdoing. This Judgment is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by any party. The final approval of the parties' settlement will not constitute any opinion, position or determination of this Court as to the merits of the claims or defenses of any party.

14. Judgment is hereby entered as follows: (1) Plaintiff Laura Buford and the Settlement Class Members consisting of all persons employed by Defendant in

1  California as non-exempt employees, including but not limited to traveling
2  healthcare professionals, who worked an assignment at any facility operated by
3  Sutter Health or a related company during the Settlement Class Period who have not
4  otherwise opted out, and (2) the LWDA with respect to all claims asserted under
5  PAGA on behalf of the Settlement Class Members and Settlement Aggrieved
6  Group, shall take nothing from Defendant Medical Solutions, LLC except as set
7  forth in Joint Stipulation.  The Court shall retain jurisdiction over the parties to
8  interpret, implement and enforce this Judgment. for three (3) years from the date of this
9  judgment.

   IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: __August 3, 2020__   _____
                             YVONNE GONZALEZ ROGERS
                             UNITED STATES DISTRICT JUDGE